UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **4:25-mj-0763** |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-CR-00594 MTS SRW |
| JUSTYN FLUCOS, | ) | |
| MARVIN JACKSON, | ) | |
| MARC JONES, and | ) | |
| KEVON LAZARD, | ) | |
| Defendants. | ) | |

## INDICTMENT

The Grand Jury charges that, at all times relevant to the Indictment:

### INTRODUCTION

1.  In or about October 2025, the defendants, **Justyn Flucos** ("Flucos"), **Marvin Jackson** ("Jackson"), **Marc Jones** ("Jones"), and **Kevon Lazard** ("Lazard"), stole thousands of dollars from two automated teller machines ("ATMs") located in St. Louis, Missouri and transported the stolen currency to Houston, Texas.

### COUNT ONE
**(18 U.S.C. § 371: Conspiracy to Transport Stolen Property in Interstate Commerce)**

2.  The paragraphs in this Indictment are incorporated by reference as though fully set forth herein.

3.  From on or about October 23, 2025, to on or about October 26, 2025, in the Eastern District of Missouri and elsewhere, the defendants,

1

JUSTYN FLUCOS,
MARVIN JACKSON,
MARC JONES,
and
KEVON LAZARD,

voluntarily and intentionally joined in an agreement with others known and unknown to the Grand Jury, knowing the purpose of the agreement was to unlawfully transport, transmit, and transfer property across a state line, to wit, property and money of the value of $5,000 or more from the state of Missouri to the state of Texas, knowing the property and money to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

All in violation of Title 18, United States Code, Section 371.

### Purpose of the Conspiracy

4.　It was the purpose of the conspiracy for Flucos, Jackson, Jones, and Lazard ("the defendants") to unlawfully enrich themselves by stealing money from convenience stores in the Eastern District of Missouri and then transporting the stolen items to Texas.

### Manner and Means of the Conspiracy

5.　The conspiracy to transport stolen property across state lines was carried out by the defendants in the following manner:

6.　As part of the conspiracy to transport stolen property across state lines, the defendants traveled to the state of Missouri from Texas. The defendants did so for the purpose of stealing money from convenience stores in the Eastern District of Missouri.

7.　On or about October 26, 2025, the defendants stole money from two convenience stores located in the Eastern District of Missouri: a 7-11 convenience store located at 3160 Morgan Ford in St. Louis, Missouri and a 7-11 convenience store located at 5604 Gravois Avenue in St. Louis, Missouri.

8. On or about October 26, 2025, the defendants drove a stolen Ford F-250 to each of those convenience stores, where Defendant Jackson and Defendant Lazard broke the floor to ceiling windows of both of those convenience stores in order to gain entry to those stores. With the Ford F-250 backed up to the front of the stores, Defendant Jackson and Defendant Lazard then walked through the broken floor to ceiling windows of those convenience stores. Defendant Jackson and Defendant Lazard then attached a chain from the back of the Ford F-250 to the lower drawer of the ATMs for the purpose of removing the lower drawers. After removing the lower drawer of the ATMs Defendant Jackson and Defendant Lazard removed more than $5,000 from each of the ATMs. The defendants then transported the stolen funds from Missouri to the state of Texas.

9. In total, the defendants stole at least $20,000 from the two convenience store ATMs in St. Louis, Missouri, and then transported their stolen property from Missouri to Texas.

## Overt Acts

10. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Missouri and elsewhere:

11. Defendant Jones rented the Mazda CX-30 in Houston, Texas.

12. Defendant Jones rented a room at Red Roof Inn in St. Louis, Missouri.

13. On or about October 25, 2025, Defendant Jones, Defendant Flucos, and Defendant Lazard conducted surveillance of the 7-11 convenience store located at 5604 Gravois Avenue, St. Louis, Missouri.

14. On or about October 26, 2025, Defendant Flucos rented a Ford Expedition to drive their stolen property from Missouri to Texas.

3

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO and THREE
### (18 U.S.C. § 2314: Interstate Transportation of Stolen Property)

15. Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

16. On or about October 26, 2025, in the Eastern District of Missouri, the defendants,

**JUSTYN FLUCOS,
MARVIN JACKSON,
MARC JONES,
and
KEVON LAZARD,**

did unlawfully transport, transmit, and transfer from the State of Missouri to the State of Texas stolen goods, wares, securities, money, and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, to wit:

| Count | Description |
|---|---|
| 2 | Defendants transported over $5,000 in stolen U.S. currency from 3160 Morgan Ford in the Eastern District of Missouri to the Eastern District of Texas. |
| 3 | Defendants transported over $5,000 in stolen U.S. currency from 5604 Gravois Ave in the Eastern District of Missouri to the Eastern District of Texas |

All in violation of Title 18, United States Code, Sections 2314 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1. The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, and traceable to,

4

proceeds obtained, directly or indirectly, as a result of defendant's violations of Title 18, United States Code, Sections 2314.

    3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
JOLENE TAAFFE #56946 MO
Special Assistant United States Attorney

5